# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | [signature] |
|---|---|---|---|
| CASE NUMBER | 11 C 6756 | DATE | 10-26-11 |
| CASE TITLE | Tony Calloway (2011-0006163) vs. Unknown Chicago Police Officers, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. [4], is granted. The initial installment payment towards the filing fee is waived. The trust fund officer at plaintiff's place of incarceration shall make monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Will County Adult Detention Facility. Defendant Unknown Cook and Will County prosecutors are dismissed. The Clerk shall add Chicago Police Superintendent Garry McCarthy and Joliet Chief of Police Fred W. Hayes as defendants solely for the purpose of allowing plaintiff to identify the John Doe police officer defendants. The Clerk shall issue summonses for service of the complaint on defendants McCarthy and Hayes. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Plaintiff's motions for appointment of counsel and services to preserve evidence (Dkt. Nos. 5, 6), are denied without prejudice.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Tony Calloway, a detainee at the Will County Adult Detention Facility, has brought this suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motions for leave to proceed *in forma pauperis* (Dkt. No. 4), appointment of counsel, (Dkt. No. 5), appointment of emergency assistance to preserve evidence and provide investigative services (Dkt. No. 6), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the initial partial filing fee is waived. Plaintiff's trust fund officer at his place of incarceration is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Turning to the initial review of the complaint, plaintiff alleges that in May 2011 he was required to register as a sex offender. He attempted to register at the Chicago and Joliet police departments, but they failed to process his paperwork and eventually turned him away. Plaintiff was subsequently arrested and charged with failing to register as a sex offender within the required time period. Plaintiff now faces state criminal charges for his failure to register. Although plaintiff does not state his requested relief, he sues the

unknown Chicago and Joliet police officers, and Cook and Will County prosecutors involved with his predicament.

Plaintiff has alleged a false arrest claim against the John Doe police officers. As plaintiff has only named John Doe defendants, he should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. In turn, he cannot obtain service on the John Doe officer defendants, he must determine their names. To facilitate the identification of the Doe defendants, Chicago Police Superintendent Garry McCarthy and Joliet Chief of Police Fred W. Hayes are added as defendants solely for the purpose of allowing plaintiff to identify the John Doe officer defendants.

Once an attorney has entered an appearance on Superintendent McCarthy and Chief Hayes's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe officer defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendants' identities, he may submit a proposed amended complaint that names the Doe defendants under their actual names. Summonses will then issue for service on the Doe defendants who allegedly injured him and Superintendent McCarthy and Chief Hayes will be dismissed.

Plaintiff's suit against the John Doe Will and Cook County prosecutors is dismissed. He has failed to plausibly allege any personal involvement by the named prosecutors in his case. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). Prosecutors also have absolute immunity for their decision to bring a criminal charge. *Tully v. Barada*, 599 F.3d 591, 593-94 (7th Cir. 2010).

The Clerk shall issue summonses for service of the complaint on defendants Superintendent McCarthy and Chief Hayes. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former City of Chicago and/or City of Joliet employee or who can no longer be found at the work address provided by the plaintiff, City of Chicago and/or City of Joliet shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

11C6756 Tony Calloway (2011-0006163) vs. Unknown Chicago Police Officers, et al.

Page 2 of 3

| STATEMENT |
|---|

Plaintiff's motions for appointment of counsel and services to preserve evidence (Dkt. Nos. 5, 6), are denied without prejudice. Both motions request legal assistance with plaintiff's case. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether Plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff has failed to make any attempts to secure counsel on his own, and so his motions must be denied. He should contact law firms or other legal services organizations and request that they take his case. He may renew his motions if he is unsuccessful in obtaining his own counsel. Any renewed motion for appointment of counsel should detail plaintiff's efforts at obtaining counsel such as including the letters he receives from law firms and legal organizations responding to his requests for representation.

In summary, plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The initial installment payment towards the filing fee is waived. The trust fund officer at plaintiff's place of incarceration shall make monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Will County Adult Detention Facility. Defendant Unknown Cook and Will County prosecutors are dismissed. The Clerk shall add Chicago Police Superintendent Garry McCarthy and Joliet Chief of Police Fred W. Hayes as defendants solely for the purpose of allowing plaintiff to identify the John Doe police officer defendants. The Clerk shall issue summonses for service of the complaint on defendants McCarthy and Hayes. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Plaintiff's motions for appointment of counsel and services to preserve evidence (Dkt. Nos. 5, 6), are denied without prejudice.